Filed 8/31/16  P. v. Zaragoza CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B269160 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA422074) |
| v. | |
| ARTIE ZARAGOZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lisa B. Lench, Judge.  Affirmed as modified.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Artie Zaragoza (defendant) appeals from an order imposing a domestic violence fee, made during sentencing. Defendant's sole contention on appeal is that the fee was unauthorized.[1] We agree and strike the fee, but otherwise affirm the judgment.

## BACKGROUND

Under a negotiated plea agreement, defendant pled no contest on October 16, 2015, to one count of assault with a semiautomatic firearm in violation of section 245, subdivision (b), and two counts of false imprisonment of a hostage in violation of section 210.5. Defendant admitted that he personally used a firearm when he committed the assault, as alleged pursuant to section 12022.5, subdivisions (a) and (b), and that he had suffered a prior violent or serious felony conviction within the meaning of the "Three Strikes" law, as alleged pursuant to section 1170.12. Defendant also admitted that he served a prison term for the offense as alleged pursuant to section 667, subdivision (a). The trial court sentenced defendant to the agreed upon prison term of 30 years 4 months. The court calculated presentence custody credit as a total of 684 days, and imposed mandatory fines and fees in addition to a $500 domestic violence fund fee.

---

[1] Defendant's notice of appeal was filed two weeks before the effective date of Penal Code section 1237.2, which now provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

All further statutory references are to the Penal Code, unless otherwise indicated.

Defendant filed a timely notice of appeal, challenging only the domestic violence fund fee.**2**

## DISCUSSION

Defendant correctly asserts that the trial court erroneously imposed a $500 domestic violence fee, as the express language of the statute authorizes the fee only when a defendant is "granted probation." (§ 1203.097, subd. (a) & (a)(5)(A).)**3** Because defendant was sentenced to prison, the fee was unauthorized, and the appropriate remedy is for this court to strike the fee. (See *People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1520.) Respondent agrees.

## DISPOSITION

The $500 domestic violence fee is stricken. The judgment is affirmed in all other respects. The superior court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

_____

**2** As this appeal does not concern the proceedings prior to the entry of defendant's no contest plea, we do not summarize them.

**3** Section 1203.097 provides in relevant part: "(a) If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following: [¶] . . . [¶] (5)(A) A minimum payment by the defendant of a fee of five hundred dollars ($500) . . . ."